[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15054
The plaintiff brings this action in two counts, alleging in count one that the defendant intentionally assaulted him; and in count two, that the defendant negligently assaulted him.
The defendant denies that he assaulted the plaintiff. The factual development that precipitated this lawsuit is as follows: The parties attended a stag party for a Thomas Ayers in Newington. The plaintiff had been friendly with Ayers since they attended school in the second grade. The defendant knew Ayers only through a friend with whom he had attended college.
The stag party began at 7:30 p.m. and ended at 11:30 p.m., at which time a group of between twelve and twenty of the attendees at the stag party transferred their partying to the defendant's condominium at his invitation after the stag party ended at 11:30 p.m.
At the defendant's home, beer was provided and a pool table was available. In addition, about four of the invited guests participated in the use of cocaine. They themselves provided the cocaine they used. The plaintiff was a part of this partying group. The defendant knew that cocaine was being used in his den but did not take part in its use, nor did he discourage or forbid its use by the four users in his den.
The partying continued until about 3:30 a.m., by which time all but three or four of the guests had left. Remaining at the partying was the plaintiff and Ayers. Later they fell asleep on chairs and couches. The plaintiff and the defendant slept in the basement room in which was a television set. Ayers fell asleep on the floor above the basement.
About dawn the television went on awaking the defendant. It is at this point in time that the recollection of the parties differs. The plaintiff claims he was sound asleep when he was struck on his left eye, that he fell to the floor and the attack continued as he tried to crawl to the door to get away; that he heard the defendant shouting something about the television being turned on. He admits that he may have turned on the television but does not recall it specifically.
The defendant's version is that he was sound asleep on a couch when the television awoke him; that he saw the plaintiff and demanded that he turn off the television, that this was not his house to do as he pleased; that a shoving match ensured. It escalated into blows being struck; that it CT Page 15055 continued at one point with both struggling on the floor and ended when he was able to force the plaintiff out the door.
Ayers testified that he was awakened by shouts and noise from the basement below, but he did not investigate the cause. Later the defendant came up and told him that he had "beat the crap" out of Ayers' friend because he had turned on the television and woke him up.
The issue raised is whether plaintiff was assaulted by the defendant or was there a brawl between them with the defendant getting the better of the plaintiff after inflicting greater injury to the plaintiff than he, the defendant, received.
There is no question, based upon the photographic exhibits, that the plaintiff suffered injuries: lacerations about the left eye, black and blue areas on his back and left shoulder, etc., whereas the defendant's injuries by comparison were slight, based on his own testimony that he received a swollen lip and bruised hand.
On the other hand, the plaintiff, although complaining that he was seriously injured by the defendant, did not seek medical attention until that evening upon the insistence of his mother. Further, the plaintiff complains that he was disabled from his employment as a heavy construction equipment operator for three days; that he had no permanent physical disability as a result of the defendant's actions but has some residual scarring about his right eye.
The court, after reviewing the evidence presented in open court, the exhibits admitted into evidence together with the application of the pertinent law to facts found, determines the issues raised in both counts of the plaintiff's complaint for the defendant.
The court finds that as a matter of credibility the evidence regarding the occurrence between the parties was not an assault by the defendant upon the plaintiff but rather a mutual physical confrontation. That confrontation resulted in great measure from the parties' overnight binge with mood-altering alcoholic beverages and cocaine, especially with the use by the plaintiff of cocaine.
The court takes judicial notice that both alcoholic beverages and cocaine are potent, mood-altering drugs that result in altering users' usual and normal moods to great and at times to extreme extent. As to the parties herein, the consumption of these mood-altering drugs undoubtedly contributed to a great extent to the confrontation between the parties. As a result, the court finds that the evidence presented is in direct conflict with each party's stated position and specifically is not CT Page 15056 sufficient to support the plaintiffs allegations raised in his complaint by a fair preponderance of the evidence that he was intentionally or negligently assaulted by the defendant.
Therefore, judgment may enter for the defendant on both counts of the plaintiff's complaint without costs to either party.
Kremski, J.T.R.